**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DONTA TAYLOR, *et al.*,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Civil Case No. SAG-25-03447** |
| | * | |
| **MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

* * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiffs Donta Taylor and Tayona Lena Victoria Walker, individually and as the Personal Representative of the Estate of Donta Walker (collectively "Plaintiffs")[1] have sued twenty defendants alleging claims arising out of the death of Donta Walker ("Walker") while he was incarcerated at the Maryland Correctional Institution – Jessup ("MCIJ"). ECF 1. One such defendant, Joseph Ezeh, filed a motion to dismiss or, in the alternative, for summary judgment. ECF 60. Plaintiffs have not responded to Ezeh's motion and the time for doing so has now expired. *See* Loc. R. 105.2(a). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Ezeh's motion will be treated as a motion for summary judgment and granted.

---

[1] There are also two named Use Plaintiffs, "To the Use of Martha Taylor" and "To the Use of Edward Walker." ECF 1.

## I. FACTUAL BACKGROUND

Plaintiff's Complaint seeks recovery for what it views as inadequate medical treatment of Walker during his incarceration at MCIJ, leading to his death from asthma. ECF 1. While the complaint alleges that Plaintiff had not received a refill of his inhaler since June 29, 2022, and that intervening sick call requests in July, 2022 and September, 2022 went unanswered, the most relevant events in question began on or about October 18, 2022, when Walker experienced difficulty breathing. *Id.* ¶¶ 34, 42. The Complaint alleges, "upon information and belief," that Ezeh was the Director of Inmate Healthcare Administration at MCIJ "at all times relevant." *Id.* ¶ 15. It also alleges, again "upon information and belief" that Ezeh and other administrators "exercised direct responsibility for reviewing chronic-care rosters, authorizing medication refills, and approving emergency transfers for detainees with known respiratory conditions, including asthma." *Id.* ¶ 45.

Ezeh attached a sworn declaration to his motion, in which he attests that he retired from his position at MCIJ on January 1, 2022, had no involvement in any medical decisionmaking during his tenure, and has no personal knowledge of Walker or his care. ECF 60-3. Ezeh also attached a sworn declaration from the Records Manager at the Department of Public Safety and Correctional Services, confirming his retirement date of January 1, 2022. ECF 60-2. As Plaintiffs did not respond to Ezeh's motion, that evidence is uncontroverted.

## II. LEGAL STANDARDS

Ezeh contends that the complaint should be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6). Rule 12(b)(1) governs situations where the Court lacks subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under that rule, the plaintiffs bear the burden of proving, by a preponderance of evidence, the

existence of subject matter jurisdiction. *See Demetres v. E.W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable[] and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Ezeh's motion is styled as a motion to dismiss or, in the alternative, for summary judgment, and he has submitted external evidence in support of his motion. ECF 60, 60-2, 60-3. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must

be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)). Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348–49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Typically, summary judgment is not granted "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont*, 637 F.3d at 448. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To present the issue, the nonmovant is typically required to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d), explaining why "for specified reasons, it cannot present facts essential to justify its opposition," without further discovery. In this case, Plaintiffs did not file a Rule 56(d) affidavit

or any other response to the summary judgment motion. Accordingly, this Court finds it appropriate to treat this motion as a motion for summary judgment and to consider the evidence Ezeh proffered.

## III. ANALYSIS

### A. Official Capacity/Jurisdiction

Ezeh seeks to dismiss any claim against him in his official capacity. ECF 60-1 at 10. To the extent Plaintiffs have asserted any claims against Ezeh in his official capacity, those claims are dismissed on Eleventh Amendment grounds. *See MediGrow, LLC v. Natalie M . LaPrade Med. Cannabis Comm'n*, 487 F. Supp. 3d 364, 373 (D. Md. 2020).

### B. Summary Judgment

To prove a Section 1983 claim for violation of constitutional rights, a plaintiff must show that each defendant either "acted personally in the deprivation of the plaintiffs' rights," *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md. 1971)), or engaged in "supervisory actions that violated constitutional norms." *Timpson by and through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022). Plaintiffs have not done so with respect to Ezeh.

As noted above, Ezeh has adduced uncontroverted evidence that he retired from MCIJ on January 1, 2022, before any of the events alleged in Plaintiff's complaint took place. *See* ECF 60-3 (Ezeh declaration); ECF 60-2 (declaration of DPSCS's records manager confirming Ezeh's retirement date). He could not therefore have acted personally or engaged in supervisory actions to violate Walker's constitutional rights after his retirement. Because Plaintiffs did not respond to Ezeh's motion, they have not met their burden to proffer specific facts to show that a genuine issue exists for trial. Ezeh's motion for summary judgment in his favor, therefore, will be granted.

## IV. CONCLUSION

For the reasons set forth above, Ezeh's motion, ECF 60, will be treated as a motion for summary judgment and granted. A separate Order of judgment is filed herewith.

Dated: September 11, 2026

/s/
Stephanie A. Gallagher
United States District Judge